Rachel M. Dollar, CSB 199977
(rdollar@smithdollar.com)
Richard R. Sutherland, CSB 240858
(rsutherland@smithdollar.com)
SMITH DOLLAR PC
Attorneys at Law
404 Mendocino Avenue, Second Floor
Santa Rosa, California 95401
Telephone: (707) 522-1100
Facsimile: (707) 522-1101

Attorneys for Plaintiff JPMorgan Chase Bank, N.A.

Howard D. Hall, CSB 145024
hdhall@greenhall.com
Artin Betpera, CSB 244477
abetpera@greenhall.com
GREEN & HALL, A PROFESSIONAL CORPORATION
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Attorneys for Defendant PMC Bancorp

UNITED STATES DISTRICT COURT

IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JPMorgan Chase Bank, National Association, a National Banking Association,<br><br>        Plaintiff,<br>v.<br>PMC Bancorp, a California Corporation formerly known as Professional Mortgage Corp.,<br><br>        Defendant. | CASE NO.: CV12-06810 (RGK) (CWX)<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Judge: Honorable R. Gary Klausner<br><br>Complaint Filed: August 7, 2012<br>Trial Date: September 3, 2013 |

**GOOD CAUSE FOR STIPULATED PROTECTIVE ORDER**

This matter involves the origination, sale and transfer of residential mortgage loans made to consumers. The underlying relevant documents which will be exchanged in discovery include documents submitted by consumers to apply for and

exchanged in discovery include documents submitted by consumers to apply for and obtain loans, including credit reports, bank statements, tax returns and other documents which contain non-public personal and financial information and documents of non-party consumers. These documents and information are subject to strict privacy laws and merit special protection from public disclosure and from use for any purpose other than prosecution and defense of this litigation. The personal and financial information to be protected includes, but is not limited to, bank account information, social security numbers, income, debt, credit card and credit information, dates of birth, driver's license numbers, employment, and the names of children or minors that are protected from disclosure by various state and federal laws including, but not limited to, 15 U.S.C. §6802 et seq. ("Gramm-Leach-Bliley Act"). Documents that should be protected include, but are not limited to: loan applications, credit reports, bank statements, W-2s, 1099s and tax returns. If the confidential information or documents are made public, the non-party borrowers will be harmed and prejudiced by having their private and confidential personal and financial information in the public domain and will be exposed to a risk of identity theft. The parties will be harmed and prejudiced by being unable to comply with State and Federal laws and may be subject to potential liability.

In addition, disclosure and discovery may involve production of documents or information that the producing party may contend contains confidential, proprietary, or private information, including, but not limited to, trade secrets and internal documents and processes utilized by the parties in originating loans and investigating and handling loan repurchase claims. To the extent this is the case, this information is entitled to special protection from public disclosure and from use for any purpose other than prosecuting this litigation. The parties may be harmed and prejudiced if their confidential, proprietary, or private information is disclosed to the public because it may reduce their competitive advantage and, thus, harm their respective businesses.



1  The parties acknowledge that this Stipulated Protective Order does not confer
2  blanket protection on all disclosures or responses to discovery and that the protection
3  afforded from public disclosure and use extends only to the limited information or
4  items that are entitled to confidential treatment under the applicable legal principles.
5  The parties further acknowledge that this Stipulated Protective Order does not entitle
6  them to file confidential information under seal without following the applicable
7  local rules and procedures and does not exempt them from the standards applied by
8  the Court when a party seeks permission to file material under seal

9  IT IS HEREBY STIPULATED AND AGREED, by and between the parties to
10 this action, through undersigned counsel, that the terms and conditions of this
11 Stipulated Protective Order ("Protective Order") shall govern the production and
12 handling of documents, answers, responses, depositions, pleadings, exhibits, and all
13 other information exchanged by the parties in the above-entitled action relating to
14 CONFIDENTIAL INFORMATION, as defined herein.

15 IT IS HEREBY STIPULATED AND AGREED THAT:

16 1.  The transactions underlying this litigation involve mortgage loan
17 transactions of non-party consumers. The documents that are relevant to this action
18 may contain certain CONFIDENTIAL INFORMATION concerning the borrowers.
19 This CONFIDENTIAL INFORMATION is the subject of certain State and Federal
20 privacy laws and also includes personal identifying information of the borrowers that
21 should not be publicly available.

22 2.  CONFIDENTIAL INFORMATION shall include any and all
23 information produced by another party to this action that is, or contains personal
24 information of the borrowers including, without limitation, social security numbers,
25 birth dates, primary addresses, telephone numbers, employers, salaries, bank account
26 designations or numbers, credit accounts, personal financial information and any and
27 all information protected from disclosure by applicable Federal or State privacy laws.
28 CONFIDENTIAL INFORMATION shall also include information,



documents, or things, or portions of any document or thing, which belongs to a designating party who in good faith believes that such information is entitled to confidential treatment under this Protective Order because it contains Trade Secrets[1], confidential, proprietary, or private information of the parties, including but not limited to, internal documents and processes in connection with which disclosure may cause significant harm to an individual or to the business or competitive position of the designating party.

CONFIDENTIAL INFORMATION shall not include information that is publicly available.

3. CONFIDENTIAL INFORMATION shall be disclosed only to: (a) the Court under seal; (b) the parties' respective counsel who are responsible for and/or working directly in the prosecution or defense of this action, as reasonably necessary (including support staff); (c) individual parties and in-house corporate or company representatives of each party (officers, directors or employees of a party who have been charged by their respective corporation or company with the responsibility for providing support or making business decisions dealing directly with the subject matter of this action); (d) outside stenographic court reporters and language translators (including support staff) as reasonably necessary; and (e) the additional individuals listed in items (i) through (v) below. All individuals to whom CONFIDENTIAL INFORMATION is disclosed must have read this Protective Order in advance of disclosure and signed an undertaking in the form attached as Exhibit A, which shall be retained in the files of counsel:

i) outside experts and outside consultants retained by the parties or their counsel in this action;

ii) a deponent or other witness who authored, received or saw a

---

[1] Pursuant to California Civil Code § 3426.1, "Trade Secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.



document or thing marked "CONFIDENTIAL INFORMATION" or who is otherwise familiar with the CONFIDENTIAL INFORMATION, or who may have testimony to offer relevant to the CONFIDENTIAL INFORMATION;

  iii) independent copying services, independent exhibit makers and other independent litigation support services retained by counsel;

  iv) paralegals, stenographic, clerical employees and translators associated with the individuals in i-iii above, but only as part of a disclosure to said individuals in accordance with this stipulation and order; and

  v) such other individuals as the parties may stipulate.

  4. Parties shall designate CONFIDENTIAL INFORMATION as follows:

  a. In the case of documents, interrogatory answers, responses to requests for admission, or any other written discovery response or disclosure and all information contained therein, designation shall be made by placing the designation "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" on any such document response or answer prior to production. If originals of documents are produced for inspection, then such designation shall be placed upon the documents at the time of copying of such documents. In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as CONFIDENTIAL INFORMATION at the time of its production or disclosure, that party shall, within fifteen (15) business days after such production or disclosure, so stamp or otherwise designate the document or other information. The party receiving such subsequent designation shall immediately give notice thereof to each person, if any, to whom the previously undesignated document or information was disclosed, and thereafter such document or information and all such persons shall be subject to the provisions of this Protective Order.

  b. In the case of depositions, designation of any portion of the



transcript (including exhibits) which contains CONFIDENTIAL INFORMATION shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript by counsel for the party to whose CONFIDENTIAL INFORMATION the deponent has had access. Said review by counsel shall occur within thirty (30) days after counsel's receipt of the transcript. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing CONFIDENTIAL INFORMATION, inserting the list at the end of the transcripts and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed CONFIDENTIAL INFORMATION; if no such designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any CONFIDENTIAL INFORMATION, unless previously so designated during the deposition or upon subsequent agreement of the parties.

    c.    Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript is filed and if it contains CONFIDENTIAL INFORMATION, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal, in accordance with paragraph 8 below.

    5.    The parties may agree with any third party witness that the third party witness may invoke all provisions of this Protective Order which are available to the parties herein, and, if so agreed in writing between the parties and a third party witness, the parties herein will treat all documents and other materials produced by such third party witness, which information is designated in writing by the third party witness as CONFIDENTIAL INFORMATION, in accordance with the terms of this Protective Order.



6. The parties recognize that in order to assist in the preparation of their case, the receiving party may desire to utilize the services of experts or consultants, whose advice and consultation are being or will be used by such party in connection with this litigation. Counsel desiring to disclose CONFIDENTIAL INFORMATION to such experts or consultants shall first obtain a signed undertaking of each such expert or consultant and each of his or her stenographic and clerical personnel who may require access to such materials, in the form attached hereto as Exhibit A. A file shall be maintained by the attorneys of record of all signed undertakings, which file shall, upon request, be available for inspection and copying by all other attorneys of record herein, except that the undertakings signed by experts and/or consultants need not be disclosed until after the statutory time for disclosure of expert witness information.

7. CONFIDENTIAL INFORMATION or copies thereof bearing the identification specified in paragraph 4(a) or containing the type of information specified in paragraph 4(d) shall not be made public by counsel or persons entitled to access to such materials under this Protective Order, and shall not be disclosed to anyone other than the Court and the persons entitled to access to such materials under this Protective Order, unless such CONFIDENTIAL INFORMATION becomes a part of the public record of this litigation other than through conduct in breach of this Protective Order.

8. The party seeking to utilize or otherwise disclose any information subject to confidential treatment in accordance with the terms of this Protective Order in any pleadings, motions, objections or exhibits and other papers filed with the Court shall seek to file such documents containing CONFIDENTIAL INFORMATION under seal in accordance with the terms and procedures set forth in Central District of California Local Rule 79-5.

9. Based upon the protections afforded by this Protective Order, the parties shall not redact any portion of any document exchanged in the course of discovery,



except to the extent that the information is believed by the conveying party to be protected from disclosure by the attorney-client privilege, work-product immunity or other applicable privilege, law or agreement. Notwithstanding, and although a document or page of a document has been designated as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION", it is not necessary to file it or any page of the document under seal if the CONFIDENTIAL INFORMATION contained on the document is redacted, either completely, as needed, or in accordance with Rule 5.2 of the Federal Rules of Civil Procedure.

10. All CONFIDENTIAL INFORMATION shall be used solely for the purpose of prosecution or defense of this lawsuit, including, but not limited to, in motion papers, at any motion hearing, in testimony at trial, offered in evidence at trial or at any motion hearing, to prepare for discovery, to conduct discovery, to prepare for trial, and to support or oppose any motion, all subject to the provisions of this Protective Order or any further order regarding confidentiality as the Court may enter.

CONFIDENTIAL INFORMATION may not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

11. Each individual designated in Section 3 of this Protective Order who receives any CONFIDENTIAL INFORMATION hereby agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Protective Order.

12. The recipient of any CONFIDENTIAL INFORMATION that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to



the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

13. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL INFORMATION designation at the time it is made, and failure to do so shall not preclude a subsequent challenge thereto (subject to discovery or motion cut-off dates imposed by the Court, Local Rule, Federal Rule of Civil Procedure, or other applicable authority). In the event that the parties to this action disagree at any stage of this litigation with such designation, the dispute will be resolved pursuant to Central District of California Local Rule 37. In making or opposing any motion relating to the designation of CONFIDENTIAL INFORMATION, the party seeking to maintain a document as confidential shall bear the burden of showing specific prejudice or harm that will result if no protective order is granted.

14. Nothing in this Protective Order shall preclude any party herein, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information or documents not obtained in discovery in this proceeding, if such information is lawfully obtained from a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in this proceeding and designated as CONFIDENTIAL INFORMATION.

15. Nothing in this Protective Order shall preclude any party herein or their attorneys (a) from showing a document designated as CONFIDENTIAL INFORMATION to an individual who either prepared or reviewed the document prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL INFORMATION.

16. Nothing in this Protective Order shall require disclosure of material which the conveying party contends might constitute a breach of an agreement with a



1  third party or is protected from disclosure by the attorney-client privilege, work-
2  product immunity, or other applicable privilege or law. Withheld documents shall be
3  disclosed by way of privilege log to the extent required by applicable law. This
4  Protective Order shall not preclude any party from moving the Court for an order
5  directing the disclosure of such material.

6      17. This Protective Order shall survive the termination of this litigation.
7  Within sixty (60) days of the conclusion of this proceeding, upon the election of the
8  producing party, all CONFIDENTIAL INFORMATION and all copies thereof shall
9  be either returned to the producing party or destroyed and the receiving party shall
10 confirm that such destruction has occurred. Counsel for each party, however, shall
11 be permitted to retain in its files a copy of all other papers and documents filed with
12 the Court in this litigation.

13     18. This Protective Order is without prejudice to the right of either party to
14 seek relief from the Court, upon good cause shown, from any of the provisions
15 contained herein.

16     THIS PROTECTIVE ORDER IS APPROVED AND STIPULATED TO
17 BY:

18 Dated: March 18, 2013

                        SMITH DOLLAR PC

                        /s/ Rachel M. Dollar
                     By_____
                        Rachel M. Dollar
                        Attorneys for Plaintiff JPMorgan Chase
                        Bank, N.A.

Dated: March 18, 2013

                        GREEN & HALL, APC

                        /s/ Howard D. Hall
                     By_____
                        Howard D. Hall
                        Attorneys for Defendant PMC Bancorp



## ORDER

It is therefore ORDERED that all CONFIDENTIAL INFORMATION produced or disclosed by any party to this action may only be used by the party receiving the CONFIDENTIAL INFORMATION in accordance with this Order; it is further

ORDERED that the parties to this action shall cooperate with one another in interpreting and complying with this Order.

DATED: April 1, 2013

**HONORABLE
CARLA WOEHRLE**


**JPMORGAN CHASE BANK, N.A. v. PMC BANCORP**

**EXHIBIT A**

I hereby acknowledge that I, _____, am about to receive Confidential Materials supplied in connection with the Proceeding, Central District of California Case No. CV12-06810 (RGK) (CWX). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that CONFIDENTIAL INFORMATION, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any CONFIDENTIAL INFORMATION obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all CONFIDENTIAL INFORMATION provided to me in the Proceeding in a secure manner, and that all copies of such CONFIDENTIAL INFORMATION are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such CONFIDENTIAL INFORMATION will be returned to counsel who provided me with such CONFIDENTIAL INFORMATION.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____ day of _____, 20\_\_\_\_\_, at _____.

Dated:_____    By:_____
                                                Signature

_____
Title



# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SONOMA

     I am employed in the County of Sonoma, State of California. I am over the age of 18 and not a party to the within action. My business address is 404 Mendocino Ave. Santa Rosa, CA. 95401.

     On March 18, 2013, I served the foregoing document described as **[PROPOSED] STIPULATED PROTECTIVE ORDER** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as stated on the attached service list:

[x] **BY ELECTRONIC TRANSMISSION** - I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

[x] (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 18, 2013, at the address above.

/s/ Mary C. Jones

Mary C. Jones



284449

- 1 -
PROOF OF SERVICE

## SERVICE LIST

***JPMorgan Chase Bank, N.A. v. PMC Bancorp***
United States District Court, Central District of California, Case No. CV12-06810 (RGK) (CWx)

| | |
|---|---|
| Michael E. Lisko, Esq.<br>Howard D. Hall, Esq.<br>Artin Betpera, Esq.<br>Green & Hall, APC<br>1851 E. First Street, 10th Floor<br>Santa Ana, CA  92705-4052 | Defendant PMC Bancorp<br>Telephone:  (714) 918-7000<br>Facsimile:   (714) 918-6996<br>Email:  mlisko@greenhall.com<br>           abetpera@greenhall.com<br>           hdhall@greenhall.com |



284449

- 2 -
PROOF OF SERVICE